**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| **MICHAEL HINGSON**, an individual, | **CIVIL ACTION** |
| Plaintiff, | |
| v. | **Case No.  2:26-cv-2358** |
| | **Judge:** |
| **THE SCHOOL BOARD OF LEE COUNTY, FLORIDA**, a political subdivision of the State of Florida, | **Mag. Judge:** |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, by and through undersigned counsel, and states the following for his Complaint:

## CAUSES OF ACTION

1.  This is an action for unpaid overtime compensation, unlawful retaliation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, the "Act" or "FLSA").

## PARTIES

2.  The Plaintiff is an individual and resident of Florida who at all material times worked in Lee County, Florida and at all times had enterprise and

1

individual coverage under the FLSA during his employment with Defendant. Plaintiff was employed by the Defendant in Fort Myers, Lee County, Florida. At all material times, Plaintiff was employed by the Defendant as a Service Manager. Plaintiff performed work for the Defendant in Lee County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Middle District of Florida. While performing services for Defendant, Plaintiff was engaged in interstate commerce, including overseeing, managing, and handling goods or materials that have been moved in or produced for interstate commerce, including receiving and managing goods or materials from out-of-state sources and processing payments through the use of interstate wires or other modes of commerce.

3. Defendant THE SCHOOL BOARD OF LEE COUNTY, FLORIDA operates as the governing body of the public school district in Lee County, Florida, and employs more than 1,000 employees. Defendant has gross annual expenditures well in excess of $500,000.00 per year and is engaged in interstate commerce; it is a covered employer under the FLSA (29 U.S.C. §§ 203(d), (r) and (s)). Defendant's employees are engaged in interstate commerce through interstate purchases of goods, equipment, and materials from out-of-state suppliers, and through the receipt, administration, and distribution of

federal funding. Defendant has the authority to hire, fire, assign work, withhold work, and affect the terms and conditions of persons like Plaintiff. Defendant supervised and controlled Plaintiff's work schedules and conditions of employment. Defendant maintains employment records of Plaintiff.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division since the action accrued in Lee County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6. Defendant THE SCHOOL BOARD OF LEE COUNTY, FLORIDA operates the public school district in Fort Myers, Lee County, Florida, and employed Plaintiff.

7. Plaintiff began his employment with the School Board of Lee County, Florida in 2020 and his last position was as a Service Manager. Plaintiff

received consistently positive performance reviews and was promoted on four occasions during his tenure, with no negative feedback.

8. Plaintiff's hourly rate was $37.41 per hour. Plaintiff was a non-exempt employee entitled to overtime compensation under the FLSA for all hours worked in excess of forty (40) hours per workweek.

9. Under 29 U.S.C. § 207(a)(1), no employer shall employ a covered employee for a workweek longer than forty (40) hours unless such employee receives compensation for employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which the employee is employed.

10. While public agency employers may, under certain conditions, provide compensatory time off in lieu of overtime pay pursuant to 29 U.S.C. § 207(o), such compensatory time must be provided at a rate of not less than one and one-half (1.5) hours for each hour of overtime worked.

11. Throughout his employment with Defendant, Plaintiff was required to work in excess of forty (40) hours per workweek. However, rather than compensating Plaintiff with overtime pay at one and one-half times his regular rate (or "comp time" at one and one-half times the overtime hours worked), Defendant refused to pay overtime in violation of the FLSA.

12. On or about October 15, 2025, Plaintiff sent an email to Amy French, Coordinator of Employee Relations for the School Board of Lee County,

Florida, raising questions regarding the comp time policy, including how it was tracked, how much time could be accrued, and whether it expired.

13.    On October 17, 2025, Human Resources responded to Plaintiff's inquiry, stating: "The District does not have a policy on comp time. Please check with your supervisor for details about this issue."

14.    On November 10, 2025, the District's Office Manager for Maintenance Services circulated an internal communication to Plaintiff and other managers stating: "comp time no longer exists in the District."

15.    Notwithstanding these communications, Defendant continued to fail to remit overtime pay or lawful compensatory time off at the rate of one and one-half hours per overtime hour worked.

16.    As a result of the above, Defendant violated 29 U.S.C. § 207(a)(1) and/or § 207(o).

17.    Because of the intentional failure to pay Plaintiff overtime compensation at the legally required rate, Defendant willfully engaged in practices that denied Plaintiff wages guaranteed under the FLSA.

18.    As a result, Plaintiff brings this action against Defendant for legal relief to redress unlawful violations of rights under the FLSA, to remedy violations of the wage provisions of the FLSA by Defendant, which have deprived Plaintiff of his lawful wages.

**Retaliation Against the Plaintiff**

19.     Plaintiff engaged in protected activity under the FLSA by complaining to Defendant's Human Resources department about Defendant's unlawful overtime and comp time practices on or about October 15, 2025. Plaintiff continued to raise objections and seek clarification regarding his compensation and rights in the months that followed.

20.     On or about March 20, 2026, Defendant notified Plaintiff that his current position would be eliminated effective June 30, 2026, citing an "Operations Division reorganization."

21.     Plaintiff's position was eliminated in close temporal proximity to his ongoing protected complaints about the unlawful comp time policy.

22.     Defendant eliminated Plaintiff's position as a direct result of his complaints about the unlawful comp time practices, in retaliation for exercising his rights under the FLSA.

## COUNT I: FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA, 29 U.S.C. § 207

23.     Plaintiff reincorporates and re-alleges paragraphs 1 through 18 as though set forth fully herein and further alleges as follows:

24.     Defendant required Plaintiff to work in excess of forty (40) hours per workweek and failed to compensate Plaintiff at the rate of one and one-half times his regular rate of pay for those overtime hours. Alternatively,

6

Defendant failed to provide compensatory time off at the required rate of one and one-half hours per overtime hour worked, instead providing compensatory time at an unlawful 1:1 ratio.

25.     By failing to pay Plaintiff all overtime compensation to which he was legally entitled, Defendant has violated 29 U.S.C. § 207.

26.     As a direct and proximate result of the foregoing, Plaintiff has been damaged for multiple weeks and months of work with Defendant during which the unlawful comp time policy was in effect.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant as follows:

i. Award to Plaintiff for payment of all unlawfully withheld overtime compensation;

ii. Award to Plaintiff liquidated damages equal to the unlawfully withheld overtime compensation or, if liquidated damages are not awarded, then prejudgment interest;

iii. Award to Plaintiff reasonable attorneys' fees and costs; and

iv. Award such other and further relief as this Court may deem just and proper.

## COUNT II: FLSA RETALIATION

27.     Plaintiff incorporates by reference Paragraphs 1–23 of this Complaint as though fully set forth below.

28.    At all material times, Plaintiff was an employee, and Defendant was his employer.

29.    Plaintiff believed in good faith, and a reasonable employee in the same or similar circumstances would also believe, that Defendant was violating the FLSA by implementing an unlawful comp time policy that deprived him of overtime compensation to which he was legally entitled.

30.    Defendant was aware of Plaintiff's objection to Defendant's violations of the FLSA, as Plaintiff expressly complained to Human Resources on or about October 15, 2025, and continued to raise objections in the months that followed.

31.    Defendant subjected Plaintiff to adverse employment action — elimination of his position — with a notification date of March 20, 2026 and a final day of June 30, 2026, following his protected complaints about Defendant's unlawful comp time practices.

32.    Defendant, in subjecting Plaintiff to adverse employment action, retaliated and discriminated against him because of his complaints, objections, and concerns raised to Defendant regarding the unlawful comp time policy.

33.    The temporal proximity between Plaintiff's ongoing protected complaints and Defendant's decision to terminate his employment establishes a causal connection between the protected activity and the adverse employment action.

8

34.    As a direct and proximate result of engaging in statutorily protected conduct as referenced and cited herein, Plaintiff has lost the benefits and privileges of his employment and has been substantially and significantly injured in his career and earning capacity.

35.    As a direct and proximate result of engaging in statutorily protected conduct as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, Plaintiff is entitled to all relief necessary to make him whole.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had Plaintiff maintained his position with Defendant, plus interest, including but not limited to lost salary and benefits;

ii. Liquidated damages;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Reasonable attorney's fees plus costs;

vi. Compensatory damages; and

9

vii. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: August 13, 2026

**/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com